## Shipe v. Susquehanna Colleries Company.

*Practice, C. P.—Statement of claim—Amended statement—Rule to strike off—Affidavit of defence—Practice Act, 1915.*

1. Where a defendant objects to an amended statement of claim as not conforming in structure to the Practice Act of May 14, 1915, P. L. 483, he should move to strike it off before filing an affidavit of defence raising questions of law.

2. The provisions of the Practice Act with reference to the incorporation of but one material allegation in each paragraph must be strictly adhered to.

3. If a statement of claim is not in a concise and summary form and as brief as the nature of the case will admit, and contains more than one material allegation in a paragraph, it will be stricken off.

4. Where plaintiff has filed an amended statement, he cannot, on a motion to strike it off, claim that defendant has waived his rights by filing an answer to the merits of the original statement.

Motion to strike off amended statement. C. P. Northumberland Co., May T., 1920, No. 175.

*G. B. Reimensnyder,* for plaintiff; *C. C. Lark,* for defendant.

STROUSS, P. J., Sept. 2, 1924.—A statement of claim was filed on May 16, 1921, in the above action, to which the defendant filed its affidavit of defence on May 31, 1921. An amended statement of claim was filed by leave of court, Lloyd, J., on March 12, 1923. On March 26, 1923, counsel for the defendant filed an affidavit of defence raising questions of law and also a motion to strike off the plaintiff's amended statement.

Being of the opinion that proper practice requires that a motion to strike off the plaintiff's amended statement should precede the filing of an affidavit

Shipe v. Susquehanna Colliers Company.

of defence raising questions of law, we have concluded to overrule the latter motion, without prejudice to the right of the defendant upon the filing of a new amended statement to file a similar affidavit.

The Practice Act of 1915, under section 20, contemplates a decision on questions of law which dispose of the whole or a part of the plaintiff's claim, such as under the old practice might be interposed by demurrer. Defects in structure of the statement or its contents falling short of that are dealt with in section 21, authorizing the striking off, on motion, of any pleading not conforming to the provisions of the act. Section 5 requires that the statement be in "concise and summary form." Section 9 requires that the statement be "as brief as the nature of the case will admit." The 5th section of the act states the requirement to be that every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts and not the evidence or inferences or conclusions of law, and shall be divided into paragraphs, numbered consecutively, each of which shall contain but one material allegation.

The purpose of this act is to form clear and distinct issues for the trial of causes between parties, and such issues cannot be rendered clear and distinct where there is such prolixity, ambiguity and indefiniteness in the statement as to prevent the defendant from knowing what he is required to meet. The requirements under the Practice Act with regard to the statement are most important to the defendant, for he is required to deny specifically the allegations of the statement. Hence, it is important that the provisions of the act with reference to the incorporation of but one material allegation in each paragraph of the statement be strictly adhered to.

Keeping in mind these requirements, an examination of the amended statement filed in this case discloses that the statement is not in a concise and summary form and as brief as the nature of the case will admit, but consists largely of inferences and conclusions of law instead of material facts. The defendant is entitled to know from the statement, not only the date of negligent mining or wrongful removal of the coal, but the date of the subsidence and the extent thereof; the extent of the injury to the lot in its natural condition; the extent of the injury to the buildings; the manner in which the health of the plaintiff and his wife was affected and the extent thereof, as well as the expenditure made in endeavoring to effect a cure.

An inspection shows that the 4th, 6th, 7th, 8th, 9th, 10th, 11th and 12th paragraphs each contain more than one material allegation of fact, and certain of these paragraphs are vague, indefinite, ambiguous and not brief and concise as required.

The contention on the part of the plaintiff that the defendant, having filed its answer to the merits on the allegations in the original statement, the motion to strike off the amended statement cannot prevail, is without merit. We are here concerned with an amended statement of claim, complete in itself, and in no wise dependent upon the original statement. The claim of waiver is not availing where the plaintiff files an amended statement.

The 2nd, 3rd and 4th reasons for striking off the amended statement are without merit. An inspection of the statement discloses that the basis for the reasons does not appear.

And now, to wit, Sept. 2, 1924, plaintiff's amended statement is stricken from the record, with the right to file a new amended statement complying with the provisions of the Practice Act of 1915 within fifteen days from this date.                                   From C. M. Clement, Sunbury, Pa.